UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| LOUISA M. RASHEED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:18-cv-00156-RLY-DML |
| | ) | |
| FLOYD COUNTY CPS, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff Louisa M. Rasheed ("Rasheed"), proceeding *pro se*, alleges Floyd County Child Protective Services ("CPS") violated her Constitutional rights by infringing on her fundamental right to parent her child. Because CPS is not a "person" under 42 U.S.C. § 1983 and CPS is entitled to sovereign immunity under the Eleventh Amendment, CPS's Motion to Dismiss is **GRANTED**.

**I.      Background[1]**

The Complaint, construed liberally, alleges that CPS deprived Rasheed of custody of her son due to false claims over her fitness as a mother. (Filing No. 1, Compl. at 2). Her case has been ongoing with CPS for over three years. (*Id.*). Rasheed alleges the Department of Child Services ("DCS"), Rasheed's case manager, and the social workers made her feel vulnerable and useless to society "and did their very best to convince the Judge and everyone involved in the case that [she] was unfit." (Filing No. 1-1

---

[1] When reviewing a motion to dismiss, the court accepts the Complaint's allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009).

Attachment to Complaint at ecf p. 3). Furthermore, Rasheed alleges that DCS and her social worker attempted to force her to sign a document regarding supervised visitation, but she refused. (*Id.* at ecf p. 11).

On August 24, 2018, Rasheed filed her Complaint, alleging CPS violated her Fourth, Fifth, Ninth, and Fourteenth Amendment rights by depriving her of her child. (*Id.* at ecf p. 5). She also alleges that CPS has committed "parental alienation, misrepresentation, [and] negligence." (Compl. at 2).

## II. Legal Standard

Under Rule 12(b)(6), a party may move to dismiss a claim when the plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the complaint alleges factual content that allows the court to make the reasonable inference that the defendant is liable for the alleged misconduct. *Bell*, 550 U.S. at 556.[2]

## III. Discussion

---

[2] CPS also moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. However, "[j]urisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." *Bell v. Hood*, 327 U.S. 678, 682 (1946). "For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Id*; *see also Cooper v. Illinois Department of Human Services*, 758 Fed.Appx. 553, 554 (7th Cir. 2019) (modifying the district court's prior judgment of dismissal pursuant to 12(b)(1) to dismissal under 12(b)(6)); *see also Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013) (holding that a failure to state a claim does not indicate a lack of subject-matter jurisdiction).

CPS moves to dismiss Rasheed's Complaint because CPS is not a 'person' under 42 U.S.C. § 1983 and CPS is entitled to sovereign immunity under the Eleventh Amendment.

### A. Validity of Claim under 42 U.S.C. § 1983

To state a claim under § 1983, a plaintiff must allege, "(1) that defendant[s] deprived him of a constitutional right; and (2) that the defendant[s] acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). The defendant must also be a "person", as "[p]ersonhood is an essential element of a § 1983 claim[.]" *Lett v. Magnant*, 965 F.2d 251, 255 (7th Cir. 1992). States, state officials acting within their official capacities, and arms of the states, such as state agencies, are not "persons" within the meaning of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989); *Lett,* 965 F.2d at 255.

Here, Floyd County CPS is not a "person" under § 1983. CPS is a local branch of the Department of Child Services in Floyd County. *Townsley v. Marion County Dept. of Child Services*, 848 N.E.2d 684, 686 (Ind. Ct. App. 2006); *see also Heinzeman v. State*, 895 N.E.2d 716, 725 n. 5 (Ind. Ct. App. 2008) (noting that CPS became part of DCS when DCS was statutorily created). DCS was created by Indiana Code § 31-25-1-1 and is a state agency. *East v. Lake County Sheriff*, No. 2:14-cv-058 PPS JEM, 2015 WL 528 6920, at *5 (N.D. Ind. Sept. 9, 2015) ("[T]here is not question that DCS is a branch of the State of Indiana."). Because CPS is an "arm of the state," it is not a "person" subject to suit under § 1983. Therefore, Rasheed's § 1983 claim fails to state a claim upon which relief can be granted.

### B. Sovereign Immunity Under the Eleventh Amendment

"The Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment." *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). Congress did not abrogate States' Eleventh Amendment immunity when it enacted § 1983. *Moore v. State of Ind.*, 999 F.2d 1125, 1128-1129 (7th Cir. 1993). Moreover, "state agencies, as 'arms of the state,' and state officials in their official capacities are also immune from suit under the Eleventh Amendment." *Joseph*, 432 F.3d at 748.

Because CPS is an "arm of the state" and Congress has not abrogated its immunity in § 1983 actions, CPS is entitled to Sovereign immunity under the Eleventh Amendment. *Id.* Consequently, Rasheed fails to state a claim upon which relief can be granted.

### C. Claims Against Judge Cody

Rasheed's Response appears to seek declaratory and injunctive relief against Judge Terrence Cody. Judge Cody is not a party to these proceedings. Rasheed may not amend her pleadings to add him a party defendant through arguments made in her response to Defendant's motion to dismiss. *Deutsche Bank Nat'l Trust Co. v. Cannon*, 2016 WL 212488, at *6 (N.D. Ill. Jan. 19, 2016) ("A party may not amend its pleadings in response to a motion to dismiss."). Therefore, the court will not address any claims asserted against Judge Cody.

### D. State Law Claims

Only Rasheed's state law claims for misrepresentation and negligence remain. The court does not have original jurisdiction to hear these claims and it declines to take supplemental jurisdiction over those claims. 28 U.S.C. § 1367(c)(3) (stating the court may decline to take supplemental jurisdiction over state law claims if it has "dismissed all claims over which it has original jurisdiction."). Rasheed's state law claims are therefore dismissed without prejudice.

### IV. Conclusion

For the reasons above, Defendant's Motion to Dismiss (Filing No. 13) is **GRANTED.** Plaintiff's state law claims are **DISMISSED without prejudice.**

**SO ORDERED** this 16th day of July 2019.

                                                                    RICHARD L. YOUNG, JUDGE
                                                                    United States District Court
                                                                    Southern District of Indiana

Distributed Electronically to Registered Counsel of Record

Copy mailed to:

LOUISA M. RASHEED
21325 Annandale Drive, Apt. 81
Robertsdale, AL 36567

5